# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# ELKINS

**ROGER GOODEN,**

      Petitioner,

**v.**                            **CIVIL ACTION NO. 2:13-CV-37**
                                 **CRIMINAL ACTION NO. 2:11-CR-33-5**
                                 **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Local Rule, this action was referred to Magistrate Judge Seibert for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Seibert filed his R&R on March 12, 2014 [Civ. Doc. 7; Crim. Doc. 394].

The petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 raises three grounds: 1) that the petitioner's sentence was enhanced based on facts that he did not plead guilty to, and the enhancement was a result of judicial fact-finding; 2) ineffective assistance of counsel before and during sentencing because counsel failed to object to 3-level guideline enhancement, despite the petitioner's requests that counsel object; and 3) ineffective assistance of counsel because counsel failed to file an appeal on the petitioner's behalf despite the petitioner's request for appeal.

In his R&R, the magistrate judge recommended that this Court dismiss with prejudice the petitioner's Motion insofar as it pertains to grounds 1 and 2. As to whether

counsel ignored petitioner's request that counsel file an appeal on the petitioner's behalf, the magistrate judge set an evidentiary hearing at 2:00 p.m., on May 22, 2014 [Civ. Doc. 7 at 18].

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). The docket sheet reflects that service was accepted on March 31, 2014 [Doc. 9]. To date, no objections have been filed.

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 7; Crim. Doc. 394]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court hereby **DISMISSES with prejudice** the petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 **INSOFAR AS IT PERTAINS TO GROUNDS ONE AND TWO**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record..

**DATED:** April 21, 2014.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE