# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
### ELKINS

**ROGER GOODEN, II,**

    Petitioner,

v.                                                    **Civil Action No. 2:13-CV-37**
                                                      **Criminal Action No. 2:11-CR-33-05**
                                                      **(BAILEY)**

**UNITED STATES OF AMERICA,**

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James Seibert. On May 23, 2013, petitioner initiated this case by filing a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. [Civ. Doc. 1; Crim. Doc. 331]. On March 26, 2014, Magistrate Judge Seibert issued an initial R&R recommending that relief sought on grounds one and two of petitioner's Motion under 28 U.S.C. § 2255 be dismissed. [Civ. Doc. 7; Crim. Doc. 394]. On April 21, 2014, this Court adopted those recommendations. [Civ. Doc. 10; Crim. Doc. 398]. On May 22, 2014, Magistrate Judge Seibert held an evidentiary hearing on the sole issue of whether petitioner instructed his counsel to filed an appeal. [Crim. Doc. 406]. Thereafter, on October 15, 2014, Magistrate Judge Seibert recommended that this Court deny the petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and dismiss this case with prejudice because the

petitioner has not satisfied **Strickland**'s two part test.[1] [Crim. Doc. 408]. For the reasons stated below, this Court **ADOPTS** the Report and Recommendation.

The magistrate judge has the authority to conduct evidentiary hearings, and to submit to the district court "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(B). This Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984).

In this case, objections to Magistrate Judge Seibert's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Procedure. Before the deadline for objections, counsel for the petitioner filed a Motion to Enlarge Time to File Objections to Report and Recommendations of magistrate judge until November 28, 2014. [Crim. Doc. 409]. This Court granted the motion for an extension of time, providing counsel for the petitioner until November 30, 2014, to file objections on the petitioner's behalf. [Crim. Doc. 411]. On November 26, 2014, counsel for the petitioner filed objections to the R&R. [Crim. Doc. 412]. Accordingly, this Court will review the

---

[1] **Strickland v. Washington**, 466 U.S. 668 (1984).

portions of the R&R to which objection was made under a *de novo* standard of review. The remaining portions of the R&R will be reviewed for clear error.

**I.     LEGAL STANDARD**

"The benchmark for judging any claim of ineffective assistance of counsel must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on has having produced a just result." ***Strickland v. Washington***, 466 U.S. 668, 686 (1984). The defendant must show that (1) the attorney's performance was deficient and (2) the deficient performance prejudiced the defendant. ***Id.*** at 687. For the first prong of the test, a "defendant must show that counsel's representation fell below an objective standard of reasonableness." ***Id.*** at 687–88. For the second prong of the test, a defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Id.*** at 694. If a defendant cannot satisfy the prejudice prong of the ineffective assistance of counsel test, a court does not need to address the performance prong. ***Fields v. Attorney General of State of Md.***, 956 F.2d 1290, 1298 (4th Cir. 1992).

Furthermore, the Fourth Circuit has held that "an attorney renders constitutionally ineffective assistance of counsel if he fails to follow his client's unequivocal instruction to file a timely notice of appeal even though the defendant may have waived his right to challenge his conviction and sentence in the plea agreement." ***United States v. Poindexter***, 492 F.3d 263, 265 (4th Cir. 2007). "[I]t is only when the defendant either does not make his appellate wishes known or does not clearly express his wishes that an attorney has some latitude in deciding whether to file an appeal." ***Id.*** at 269 (citing ***Roe v.***

*Flores-Ortega*, 528 U.S. 470, 478 (2000)).

## II. DISCUSSION

This Court will not rehash the facts from the evidentiary hearing and adopts the facts as stated in the R&R. [Crim. Doc. 408]. At the evidentiary hearing, the petitioner's witnesses were Lena Oldacker, the petitioner's mother, and Roger Gooden, II, the petitioner. The Government's witnesses were Dorwin Wolfe, trial counsel of the petitioner, and Dawn Bucher, Mr. Wolfe's legal assistant. The petitioner raised several objections to the R&R. [Crim. Doc. 412]. This Court will address the objections to the witnesses' credibility at the evidentiary hearing before addressing the ineffective assistance of counsel claim.

### A. Lack of Credibility

The petitioner objects to the magistrate judge's conclusion that his trial attorney's testimony was credible. [Crim. Doc. 412 at 5]. Specifically, the petitioner argues that Mr. Wolfe should have had a reasonable belief that the petitioner wanted to file a Notice of Appeal ("NOA") in light of Mr. Wolfe's testimony at the evidentiary hearing that he informally met and discussed the application of the dangerousness enhancement with the United States Probation Officer and the Assistant United States Attorney. [*Id.* at 4]. The petitioner further argues that "if there are facts that can be adduced at sentencing that would show that a three-level enhancement does not apply, the attorney is duty-bound to file the objection." [*Id.*]. The petitioner notes that Mr. Wolfe testified at the evidentiary hearing that there were "some facts" in favor of the dangerousness enhancement in the presentence investigation report not applying. [Crim. Doc. 406 at 61]. Mr. Wolfe's quote in context,

states that "[o]bviously, we had some facts and they had some facts. We were hoping maybe they would not push it. They did push it. We informally - - we tried to persuade them not to, we tried to persuade Mr. Warner to support us, we could not get that support." *Id.*

The issue with the petitioner's argument is that the trial attorney did not believe he had a "good faith" reason to file an objection. [Crim. Doc. 406 at 61]. At the evidentiary hearing, Mr. Wolfe stated that, "I discussed the merits of it with my client. I in good faith, did not see any way to argue it. And he did not - - if he would have told me to argue it, even though I thought we would lose, I would have argued it and have done so in the past." [*Id.* at 61–62]. Although, the trial attorney acknowledged that there was some facts in his favor of not applying the dangerousness enhancement, the trial attorney recognized that he did not have a good faith reason to file an objection— especially since the petitioner agreed not to file the objection. [*See Id.* at 60]. It is not up to the reviewing court to "grade" a counselor's performance at trial, and there is a strong presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." *See* **Carter v. Lee**, 283 F.3d 240, 249 (4th Cir. 2002). The reviewing court must not "second guess" counsel's performance but instead must "evaluate counsel's performance from counsel's perspective at the time." **Hunt v. Lee**, 291 F.3d 284, 289 (4th Cir. 2002) (internal quotation marks omitted). Attorney Wolfe choose not to file a formal objection because he did not want to file a mertiless objection and risk losing credibility with the Court. [Crim. Doc. 406 at 62]. This Court finds that Mr. Wolfe's decision not to file an objection falls within the range of reasonable professional judgment. Accordingly, the petitioner's objection that Mr.

Wolfe and Ms. Bucher's testimony lacked credibility is **OVERRULED**.

Next, the petitioner objects to the R&R based on the findings that the petitioner's testimony was not credible when discussing whether to file a NOA or not before the sentencing hearing. Counsel for the petitioner asserts that "defendants frequently bring up last minute objections and request that counsel argue the objection during sentencing." [Crim. Doc. 412 at 6]. The petitioner testified at the evidentiary hearing:

> Q. Can you tell the Court, to your recollection, what occurred during that morning of meeting with Mr. Wolfe?
> A. Yes. I briefly mentioned again the possibility for an overall appeal had things not went a certain direction at the sentencing hearing, sir.
> Q. Is that -- is that the enhancement that you received?
> A. That was the enhancement, yes. Because at that time, I believe we were still able to object to that.
> Q. And what was -- what did he say in response to your request?
> A. Again, he never really touched down on it, it didn't seem to me. But I assumed, again, that, you know, he had it under control.

[Crim. Doc. 406 at 29].

In petitioner's memorandum of support of the Motion to Vacate, Set Aside, or Correct Sentence, the petitioner never mentions that he brought up the possibility of appeal before the sentencing hearing, but states that "directly after sentencing" he made the request. [Crim. Doc. 358 at 4]. The record shows that Mr. Wolfe met with the petitioner from 10:00 to 10:55 a.m. the day of the sentencing hearing, which would have given Mr. Gooden ample opportunity to mention that he wanted to file a NOA. The record is also clear that Mr. Gooden had several opportunities to object during the sentencing hearing. This Court is not persuaded by Mr. Gooden's testimony that he briefly mentioned to his

attorney that he planned to appeal, but only recollects Mr. Wolfe "never really touched down on it." [Crim. Doc. 406 at 29]. As petitioner's counsel notes, it is quite possible that defendants bring up last minute objections before a sentencing hearing; however, the record does not support that Mr. Gooden did that in this case.[2] Accordingly, petitioner's objection is **OVERRULED**.

Next, the petitioner objects to the R&R ruling that Mr. Gooden's testimony was not credible when he asserted that he was whisked from the courtroom, and requested that Mr. Wolfe file a NOA. [Crim. Doc. 412 at 7]. Mr. Gooden improbably asserts that he asked Mr. Wolfe to file a NOA and in response Mr. Wolfe "just began gathering his papers" and ignored Mr. Gooden. [Crim. Doc. 406 at 30]. Mr. Wolfe stated that he briefly spoke with Mr. Gooden after the hearing but did not ask him to appeal. [*Id.* at 68]. Mr. Gooden's testimony is simply not credible that he asked to file a NOA and Mr. Wolfe ignored his request. Accordingly, the petitioner's objection is **OVERRULED**.

The petitioner also takes exception with the R&R's reluctance to accept Mr. Gooden's testimony that he called Mr. Wolfe's office on two different occasions. [Crim. Doc. 412 at 7]. In particular, petitioner asserts that Mr. Wolfe's testimony conflicts with Ms. Bucher's testimony on receiving collect calls. Petitioner notes that Mr. Wolfe testified that

---

[2] The petitioner briefly challenges the magistrate judge's use of the phrase "USSG-mandated" enhancements. [Crim. Doc. 412 at 6]. This Court recognizes that district courts are required to properly calculate and consider the guidelines when sentencing, even in an advisory guideline system. However, "while not bound to apply the Guidelines, [district courts] must consult those Guidelines and take them into account when sentencing." **United States v. Booker**, 543 U.S. 220, 264 (2005). This Court interprets "USSG-mandated" enhancement in the R&R to mean that the guidelines mandate the *calculation* of the dangerousness enhancement; however, "USSG-mandated" does not mean that the court is required to apply the enhancement.

"he has heard voice mail messages on this telephone system from collect calls." [*Id.* at 8]. The petitioner contends there is a conflict between Mr. Wolfe and Ms. Bucher's testimony where there is none. In response to the question whether a collect call telephone message could be left on the office voice mail machine from the Tygart Valley Regional Jail ("TVRJ"), Mr. Wolfe responds "[l]eaving a message, I do not know. You might have to ask Dawn." [Crim. Doc. 406 at 69]. Then Mr. Wolfe proceeds to state how clients in the past had enough time to state their name and that they needed Mr. Wolfe to come see them. [*Id.* at 70]. Ms. Bucher testified that collect call telephone messages left from inmates allow them to state their name and then goes right to the collect call recording. [*Id.* at 76]. Ms. Bucher proceeded to state that she has not personally heard an inmate leaving a message. *Id.* It seems that Mr. Wolfe and Ms. Bucher have different experiences on receiving collect calls; nevertheless, regardless of whether a message could be left when listening to a collect call or not, both Mr. Wolfe and Ms. Bucher agreed that their system allowed for inmates to state their name on collect calls from TVRJ. [*See Id.* at 70, 76]. Mr. Gooden's statement that the call rang without answering, directly contradicts Mr. Wolfe and Ms. Bucher on how the phone system works. Mr. Gooden claims that the first time he called he "never got through." [Crim. Doc. 406 at 31]. The second time he called, Mr. Gooden claims that "someone picked up but denied the collect calls." [*Id.*]. Accordingly, this Court finds Mr. Gooden's claims to be inconsistent with how Mr. Wolfe and Ms. Bucher testified to how their phone system operated.

Furthermore, the petitioner asserts that his testimony regarding the unanswered and denied collect calls to Mr. Wolfe's office is supported by Ms. Oldacker's testimony that she repeatedly called Mr. Wolfe's office, and left a message for Mr. Wolfe to get in touch with

her son. [Crim. Doc. 412 at 8]. Ms. Oldacker testified that when she spoke with someone from Mr. Wolfe's office, she told the woman that answered the phone that Mr. Wolfe needed to call her son, but did not know the reason Mr. Gooden wanted to get in contact with Mr. Wolfe. [Crim. Doc. 406 at 15]. Conversely, the petitioner testified that his mother attempted to contact Mr. Wolfe's office "with no success." [*Id.* at 36]. When asked further about how many times he spoke with his mother, he could not recall [*Id.*], yet recalls telling her that he needed to get in contact with Mr. Wolfe "immediately" because he "needed to file this thing in a timely manner." [*Id.* at 37]. Excluding the inconsistencies in Mr. Gooden's testimony, the Court finds it peculiar that Ms. Oldacker did not follow-up with Mr. Wolfe's office and that she could not specifically recollect discussing it with her son again; yet, she was "pretty sure" that she left a message. [*Id.* at 17]. Based on the inconsistent testimony and the lack of evidence produced to corroborate Ms. Oldacker's testimony, this Court gives less weight to her testimony. Accordingly, this objection is **OVERRULED**.

Next, the petitioner objects to the finding that Mr. Gooden was not credible when he stated that he did not receive all of Mr. Wolfe's correspondences at TVRJ. [Crim. Doc. 412 at 8]. Specifically, Mr. Gooden objects to the finding that Mr. Gooden could have called the Clerk's Office. The overarching point the R&R makes is that Mr. Gooden had the ability to contact the Clerk of the Court. During that sentencing, Mr. Gooden is given notice that he should contact the Clerk's Office if he wished to file an appeal. Although the magistrate judge notes that he could have called the Clerk, the Court finds that there were several avenues the petitioner had at his disposal to contact the Clerk's Office; including, he could have written the Clerk's Office. This objection woefully lacks merit and is **OVERRULED**.

B.  **Ineffective Assistance of Counsel**

The petitioner's main assertion is that Mr. Wolfe's failure to ascertain whether Mr. Gooden wished to appeal amounts to ineffective assistance of counsel. In particular, the petitioner charges that Mr. Wolfe and Ms. Bucher's testimony lacked credibility and not Mr. Gooden and Ms. Oldlacker. This Court disagrees. The petitioner has failed to show that Mr. Wolfe's representation fell below the objective standard of reasonableness. *See* **Strickland**, 466 U.S. at 686. Attorney Wolfe corroborated his testimony with the evidence in the record as noted above and in the R&R. The record is clear that at every stage of the proceedings Mr. Wolfe reviewed the evidence with Mr. Gooden and advised him of the enhancement, and that the petitioner never expressed an intention to object or appeal. Mr. Wolfe testified that Mr. Gooden was aware before the plea agreement of the three level enhancement. [Doc. 406 at 51–52]. Even after the sentencing hearing, Mr. Wolfe did his due diligence by sending the May 28, 2012, letter with the judgment and commitment order and notifying the petitioner of his right to appeal. [*Id.* at 49–50]. The petitioner contends that he never received the May 28, 2012, letter until sometime in July 2012, when it was forwarded to him at his new BOP facility. [*Id.* at 33–34].

The petitioner however loses credibility with the Court for only remembering specific facts that were advantageous to his claim and vaguely remembering any other details surrounding his representation and filing this action. Initially, the petitioner stated in his § 2255 petition and in his memorandum that he only unequivocally requested that Mr. Wolfe file a NOA after his sentencing hearing. [*See* Crim. Doc. 358 at 4]. At the evidentiary hearing, Mr. Gooden testified that he "instructed" Mr. Wolfe to file an appeal when

reviewing his presentence investigation report [Crim. Doc. 406 at 28]; second, he "briefly mentioned again" filing an appeal before the sentencing hearing [*Id.* at 29]; and third, at the conclusion of the sentencing hearing. [*Id.* at 30]. The lack of consistency throughout the petitioner's testimony leaves him with little credibility with this Court. Accordingly, the petitioner also fails to prove that Mr. Wolfe's representation resulted in the Notice of Appeal not being filed. Based on the record and the evidentiary hearing testimony, the petitioner does not satisfy **Strickland**'s two-prong test proving that he requested his attorney to file an appeal. Furthermore, in conformity with **Poindexter** an evidentiary hearing was held to determine whether the petitioner unequivocally instructed his attorney to file a Notice of Appeal. After a thorough review of the record, this Court is not convinced of Mr. Gooden's testimony that he asked to appeal. Given the conclusions set forth by the magistrate judge's R&R and the reasons set forth above, this Court hereby **OVERRULES** the petitioner's objection.

### III. CONCLUSION

Upon a careful review of the Report and Recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Civ. Doc. 15; Crim. Doc. 408]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Further the petitioner's Objections **[Crim. Doc. 412]** are **OVERRULED**. This Court **GRANTS** the United States Motion to Dismiss. **[Civ. Doc. 5; Crim. Doc. 367]**. Accordingly, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 **[Civ. Doc. 1; Crim Doc. 331]** is **DENIED**. As such, this case is hereby **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from

the active docket of this Court.  The Clerk is **DIRECTED** to enter a separate judgment in favor of the respondent.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** the petitioner a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

**DATED**: December 15, 2014

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE